STATE EX REL. GUCKENBERGER ET AL. *v.* FRANKLIN
CIRCUIT COURT ET AL.

[No. 16,658.   Filed October 15, 1940.]

*Virgil J. McCarty,* of Brookville; *E. Ralph Himelick* and *John H. Himelick,* both of Connersville; and *Herman Guckenberger,* of Cincinnati, Ohio, for relators.

*Chester E. Bielby,* of Lawrenceburg; *Michael Boh-land,* of Brookville (and *Estal G. Bielby,* of Lawrenceburg, of counsel) for respondents.

BRIDWELL, C. J.—On June 6, 1940, relators filed their petition as an original action in this court, seeking a writ of prohibition forbidding the respondents from further proceedings in connection with a certain action in ejectment filed in the Franklin Circuit Court by the respondents, Reed A. Shank and Melda Shank, against the relators, Carl A. Guckenberger and Janet Guckenberger, on the 3rd day of June, 1940. A temporary writ was issued. Thereafter, in due course, a return to said writ and a reply thereto were duly filed.

The material facts, as disclosed from the various pleadings filed by the parties, are not in dispute, and are summarized as follows: On March 30, 1939, the respondents, Shank and Shank, filed an action against the relators in the Franklin Circuit Court of Indiana, for the recovery of the possession of a certain 160 acre tract of real estate, and damages for the unlawful detention thereof. At the time of the filing of the complaint the plaintiffs also filed their affidavit with the clerk of said Franklin Circuit Court, stating therein that they were entitled to the possession of the real estate involved; that the defendants (relators) unlawfully retained possession thereof, and further stating the estimated value and the estimated rental value of said real estate. The clerk of said court then issued an order to the sheriff of Franklin county, directing him to seize possession of said real estate, and a copy of said order was served upon the defendants who elected to retain possession of said real estate, and therafter, within five days after the service of said order upon them, they executed a written undertaking,

payable to the plaintiffs (respondents Shank and Shank) with surety to the approval of said sheriff, and conditioned as by law provided. See §§ 3-1304, 3-1305, 3-1306, Burns' 1933.

Such proceedings were had in the trial court in this cause as resulted in a judgment in favor of said Shank and Shank against said Guckenberger and Guckenberger for possession of said real estate, and damages in the sum of $750.00. From this judgment a term-time appeal was perfected to this court on May 10, 1940, and such appeal is now pending as cause No. 16,638, of the causes pending in the Appellate Court of Indiana.

On June 3, 1940, said Shank and Shank filed in said Franklin Circuit Court another action in ejectment against said Guckenberger and Guckenberger, seeking possession of the same real estate involved in the said cause now pending on appeal, and filed their affidavit under the provisions of §§ 3-1305, et seq. Burns' 1933, *supra,* for the possession of said real estate. An order to the sheriff of said county, directing him to seize possession of the real estate was issued by said clerk, and the sheriff served the same upon said defendants Guckenberger and Guckenberger, whereupon they filed this proceeding for a writ of prohibition.

The question for determination is whether the respondents herein should, under the facts disclosed by the record, and hereinbefore summarized, be restrained from further action in the cause filed by Shank and Shank on June 3, 1940.

Both actions are in ejectment, and seek to recover possession of the same identical real estate. When the first was filed, the defendants elected to retain possession of said real estate by giving their bond, as provided for by statute, and conditioned, as required by

law; thereafter, when judgment was rendered against them they duly perfected a term-time appeal, and their appeal bond in the penal sum of $5,500.00, we must assume is conditioned, as required by our statute governing term-time appeals (§ 2-3204, Burns' 1933), which, among other things, requires that "if the appeal is taken from a judgment for the recovery of real property, or the possession thereof, by the party against whom the judgment for the recovery is rendered, then the condition of the bond shall further provide that the appellant shall also pay all damages which may be sustained by the appellee for the mesne profits, waste or damage to the land during the pendency of the appeal." We call attention to the bonds which have been executed for the protection of respondents Shank and Shank only for the reason that we deem the existence of such bonds to be a fact proper to consider in determining whether the temporary writ heretofore issued should be made permanent.

In the case of *State, ex rel.* v. *Superior Court of Marion County* (1931), 202 Ind. 589, 601, 177 N. E. 322, our Supreme Court held that a writ of prohibition "issues in the sound legal discretion of the court, having in mind what is necessary and proper to be done in the particular instance for the attainment of justice." In the instant case, under the admitted facts, it seems to us that respondent should be forbidden from taking further action in the cause filed by Shank and Shank on June 3, 1940. To permit its further prosecution might result in another judgment for the possession of said real estate, and in view of the affidavit filed therein it is possible that the possession of said real estate might be delivered by the sheriff of said county to the plaintiffs Shank and Shank,

notwithstanding the fact that the defendants Guckenberger and Guckenberger, as authorized by our statutory law (§ 3-1306, Burns' 1933, *supra*), have given bond to retain possession, and appealed to this court from an adverse decision and judgment against them on their rights to possession. If this court should reverse the judgment appealed from, and, in the interim from the taking of the appeal to any such reversal, possession of such real estate had passed to the adverse party to the appeal, by reason of a subsequent action commenced by them and the proceedings thereunder, there would be a serious interference with appellants' rights to the benefits of their appeal, in that they would have been deprived of the possession of said real estate which they had given bond to secure during the pendency of litigation not yet terminated. In our opinion, orderly procedure requires that this court prevent the prosecution of any action between the same parties to determine the right of possession to the same real estate when there is pending in this court an appeal which seeks the reversal of a judgment whereby that right was adjudicated. If the judgment in the trial court in the cause on appeal is affirmed, the possession of said real estate by virtue of said judgment of this court will pass to the appellees to said appeal, respondents Shank and Shank; if it be reversed, the trial court will have jurisdiction to proceed. No conflicting judgments could result, and no question as to the *present* right of possession to said real estate will exist, as might if the respondents be allowed to proceed further in the second action brought by Shank and Shank against relators. It seems to us that the prosecution of such second action would constitute an unwarranted interference with the

jurisdiction of this court in cause No. 16,638, pending before it for decision.

The temporary writ heretofore issued should be made permanent, and it is so ordered.

NOTE.—Reported in 29 N. E. (2d) 423.